UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLAUME PARDEUX,<br><br>Plaintiff,<br><br>v.<br><br>THE US MENDICANT BUDDHIST CONGREGATION, et al.,<br><br>Defendants. | No. 2:19-cv-0881-JAM-AC<br><br>ORDER & FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

## I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

1

1 The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-
2 policies/current-rules-practice-procedure/federal-rules-civil-procedure.

3     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
5 court will (1) accept as true all of the factual allegations contained in the complaint, unless they
6 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
7 plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von
8 Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
9 denied, 564 U.S. 1037 (2011).

10     The court applies the same rules of construction in determining whether the complaint
11 states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
12 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
13 construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a
14 less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520
15 (1972). However, the court need not accept as true conclusory allegations, unreasonable
16 inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,
17 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
18 to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
19 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must
20 allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at
21 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the
22 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
23 Iqbal, 556 U.S. at 678.

24     Moreover, a federal court has an independent duty to assess whether federal subject matter
25 jurisdiction exists, whether or not the parties raise the issue. See Ruhrgas AG v. Marathon Oil
26 Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to
27 satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").
28 The court must dismiss the case *sua sponte* if, at any time, it determines that it lacks subject

matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are liberally construed. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### A. The Complaint

Plaintiff brings this suit against two Sacramento-based tax-exempt organizations - The U.S. Mendicant Buddhist Congregation and the Minh Quang Meditation Center - and several of their corporate officers, based on a failure to produce the organizations' tax documents to him for inspection. ECF No. 1 at 2-3. Plaintiff asserts that his demand for inspection was authorized by 26 U.S.C. § 6104(d) and 26 C.F.R. § 301.6104(d)-1, which require certain tax-exempt organizations to make specified tax documents available for public inspection, and that therefore the court has federal question jurisdiction. Id. at 3, 9. He claims that "[i]t is not necessary . . . to assert grounds and/or bases for this petition," as he is merely using the petition "as the means to seek information about the religious corporations." Id. at 8-9. Plaintiff seeks an order to compel the production of the organizations' tax documents and a "monetary sanction" of $45,000. Id. at 10-11.[1]

### B. Analysis

Section 6104(d) of the Internal Revenue Code ("IRC") provides, in pertinent part, that for a three-year period following the filing date for their annual tax returns, certain tax-exempt organizations must make the returns available "for inspection during regular business hours by any individual at the principal office of such organization . . . ." 26 U.S.C. § 6104(d)(1)-(2).

---

[1] Although service was not ordered, three of the named defendants have filed an answer to the complaint. ECF No. 3.

Section 301.6104(d)-1 is part of the Internal Revenue Service's regulations implementing Section 6104. Plaintiff's suit rests entirely upon the disclosure requirements listed in these provisions. However, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979). While the Ninth Circuit has not addressed the issue, "courts considering 26 U.S.C. § 6104 have uniformly determined that there is no private right of action under the statute." Doan v. Vietnamese Buddhist Ass'n of Sacramento, No. 2:19-CV-00996 KJM KJN PS, 2019 WL 2763167, at *2 (E.D. Cal. July 2, 2019) (collecting cases).

The structure of the statute and its implementing regulations support this conclusion. The IRC creates a monetary penalty for violations of Section 6104(d), and provides that no civil action for the recovery of taxes or penalties shall be commenced without the authority of the Secretary of the Treasury. See 26 U.S.C. §§ 6652(c)(1)(C), 7401. In addition, the regulations specifically provide only an administrative remedy for an organization's failure to comply with public inspection requirements. 26 C.F.R. § 301.6104(d)-1(g).[2] The undersigned therefore concludes that the court lacks subject matter jurisdiction over this action.

As plaintiff asserts no other legal cause of action, or basis for federal jurisdiction, the undersigned further recommends that leave to amend not be granted. It is clear from the allegations in the complaint that federal jurisdiction is not available, and the complaint's deficiencies could not be cured by amendment. Noll, 809 F.2d at 1448.

////

////

---

[2] 26 C.F.R. § 301.6104(d)-1(g) provides that:

> If a tax-exempt organization denies an individual's request for inspection or a copy of an application for tax exemption or an annual information return as required under this section, and the individual wants to alert the Internal Revenue Service to the possible need for enforcement action, the individual may provide a statement to the district director for the key district in which the applicable tax-exempt organization's principal office is located (or such other person as the Commissioner may designate) that describes the reason why the individual believes the denial was in violation of the requirements of section 6104(d).

4

II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

Further, the undersigned recommends that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to establish federal jurisdiction. It is further recommended that leave to amend not be granted because amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 12, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE