UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLAUME PARDEUX,<br><br>    Plaintiff,<br><br>    v.<br><br>THE US MENDICANT BUDDHIST CONGREGATION, et al.,<br><br>    Defendants. | No. 2:19-cv-0881-JAM-AC<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Civil Rule 302(c)(21). Before the court is plaintiff's purported notice of voluntary dismissal. ECF No. 5.

On May 16, 2019, plaintiff filed a complaint against nine defendants and sought leave to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2. On June 14, 2019, although service was not (and still has not been) ordered, three of the named defendants[1] filed an answer to the complaint. ECF No. 3. On July 15, 2019, the undersigned granted plaintiff leave to proceed IFP. ECF No. 4. However, in screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the court found that the complaint failed to state a cognizable claim or to establish this court's jurisdiction; it

---

[1] The answer was filed by counsel representing defendants The U.S. Mendicant Buddhist Congregation, the Minh Quang Meditation Center, and Nhon Trinh.

1

therefore recommended that the complaint be dismissed with prejudice. Id. at 3-4.

On July 23, 2019, plaintiff filed a Request for Dismissal Without a Court Order, requesting that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). ECF No. 5. Plaintiff asserts that because no motions for summary judgment have been served, it is his right to voluntarily dismiss the action. Id. at 2. Rule 41 allows a plaintiff to voluntarily dismiss an action without a court order by filing:

> (i) a notice of dismissal before the opposing party serves *either an answer* or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1) (emphasis added).

While plaintiff is correct that no motions for summary judgment have been served in this case, as stated above, three defendants have already filed an answer. ECF No. 2. Therefore, plaintiff's unilateral notice of dismissal is ineffective under the terms of 41(a)(1)(A)(i). If plaintiff wishes to obtain a voluntary dismissal without prejudice at this point, he must resort to subpart (ii) instead and file a stipulation of dismissal signed by him and the three defendants who have appeared and answered. See Fed. R. Civ. P. 41(a)(1)(A)(ii).

Unless and until such a stipulation is filed, the undersigned's recommendation that the case be dismissed with prejudice (ECF No. 4) remains effective. The parties are reminded that any objections to the findings and recommendations are due no later than August 5, 2019. After that date, the District Judge assigned to this case might enter an order adopting the findings and recommendations at any point—unless the parties file a stipulation of dismissal beforehand.

Accordingly, IT IS HEREBY ORDERED that plaintiff's notice of voluntary dismissal (ECF No. 5) is STRICKEN as ineffective under the terms of Rule 41(a)(1)(A)(i).

DATED: July 29, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE